

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2006 MAY 26  AM 10: 40

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAMES EARL CRAMER,<br>Petitioner, | §<br>§<br>§ |
| V. | § CIVIL ACTION NO. 4:06-CV-0201-A |
| | § |
| DOUG DRETKE, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ |

## RESPONDENT'S MOTION TO DISMISS AND
## PRELIMINARY RESPONSE WITH BRIEF IN SUPPORT

Petitioner, James Earl Cramer, was properly convicted on February 28, 1990, of aggravated sexual assault. He now challenges this conviction and sentence in this court. However, Cramer discharged this conviction before he filed his federal petition for writ of habeas corpus. Consequently, Cramer's federal writ petition should be dismissed for lack of subject matter jurisdiction. Additionally, Cramer's federal habeas corpus petition should also be dismissed because it is barred by the statute of limitations under the AEDPA.

### STATE COURT RECORDS

On Friday, May 12, 2006, this Court received copies of Cramer's appellate records and state writ petition. (No Docket Entry Number available.)

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254 (West 2006). As discussed below, the Director has custody of Cramer pursuant to a judgment and sentence for aggravated sexual assault from the 297th District Court of Tarrant County, Texas, in cause number 0352012D. *Ex parte Cramer*, Application No. 63,140-01 (EventID No. 2212306), at 22. Furthermore, the Director had custody of Cramer pursuant to this conviction at the time that he filed his federal petition for writ of habeas corpus. Fed. Writ Pet. at 1, 9; 28 U.S.C. § 2254; *see also Carafas v. Lavallee*, 391 U.S. 234, 238-40 (1968).

### DENIAL

The Director denies each allegation of fact made by Cramer, except those supported by the record and those specifically admitted herein.

### RESPONDENT DRETKE'S MOTION TO DISMISS WITH BRIEF IN SUPPORT

Cramer filed the instant petition on March 20, 2006;[1] therefore, it is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act (AEDPA). Fed. Writ Pet. at 1; 28 U.S.C. §2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996).

The AEDPA provides "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2006). Moreover, federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006).

Because Cramer's sentence in cause number 0352012D was discharged on September 8, 2003, over two years and six months before he filed his federal writ petition on March 20, 2006, he cannot satisfy the "in custody" requirement of 28 U.S.C. §§ 2241(c)(3), 2254(a). Fed. Writ Pet. at 1; Exhibit A. While the Supreme Court has liberally construed the meaning of "in custody" in finding habeas corpus subject-matter jurisdiction, the Court has "never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam). Moreover, "once the sentence imposed for a conviction has

---

[1] See *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Because Cramer did not certify when he placed the petition in the prison mail system, however, the Director utilizes the date that this Court marked his petition as filed. Fed. Writ Pet. at 1, 9.

completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* The Supreme Court has recently stated the threshold inquiry is whether the petitioner is "in custody" pursuant to a state court judgment. *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001). In that case, the Court held because the petitioner "is no longer serving the sentences imposed pursuant to his 1986 convictions, he cannot bring a federal habeas petition directed solely at those convictions." *Id.* The Court explained that once the conviction is "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403.

In this case, Cramer is no longer serving the sentence imposed pursuant to his conviction for aggravated sexual assault in cause number 0352012D. Exhibit A. Therefore, to the extent he is directly challenging this conviction, he has failed to meet the "in custody" requirement under federal habeas corpus law and his federal writ petition must be dismissed. *See Maleng*, 490 U.S. at 492; *Lackawanna*, 532 U.S. at 399. Moreover, if a "conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna*, 532 U.S. at 403-04. Cramer does not offer any evidence that this conviction was used to enhance any subsequent conviction, however even if this petition is construed as an attack on a subsequent enhanced sentence, the writ must still be dismissed. *See id.* Therefore, because this Court lacks jurisdiction to consider Cramer's claims for federal habeas corpus relief, his federal writ petition must be dismissed with prejudice.

## PRELIMINARY RESPONSE WITH BRIEF IN SUPPORT

By this Court's order filed on April 26, 2006, the Director is directed to provide the following information to enable this Court to determine whether summary dismissal on limitations grounds under 28 U.S.C. § 2244(d) is warranted:

3

(a) the date the judgment of conviction was entered;

(b) the date an appeal was perfected or the time for seeking direct review expired;

(c) the date the judgment of conviction became final;

(d) the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, if applicable;

(e) the date any relevant motion for post-conviction relief was filed in the trial court;

(f) the date any relevant motion for post-conviction relief was finally determined by the Texas Court of Criminal Appeals; and

(g) whether Respondent believes that this action is barred by limitations under 28 U.S.C. § 2244(d).

Pursuant to this Court's order, Respondent provides the following information:

(A) Cramer's judgment of conviction was entered on February 28, 1990. *Ex parte Cramer*, at 22.

(B) Cramer acknowledges that he did not appeal his aggravated sexual assault conviction. Fed. Writ Pet. at 3; *Ex parte Cramer*, at 3.

(C) Thus, Cramer's conviction became final on March 30, 1990, when the time for seeking direct review of his conviction expired thirty days after his judgment and sentence. *See* TEX. R. APP. P. 26.2(a)(1).

(D) To the extent that Cramer may attempt to argue that the statute of limitations period began once he discovered the sex offender registration requirements, at the very latest, Cramer became aware of the sex offender registration requirements on September 8, 2003, the date he discharged his sentence for the instant conviction and signed the Pre-release Notification Form, Texas Sex Offender Registration Program. State's Exhibit 1. The Director reserves the right to argue that he could have discovered these requirements at an earlier date.

(E) On September 7, 2005, Cramer filed his state petition for writ of habeas corpus challenging the instant conviction. *Ex parte Cramer*, at 2-15.

(F) On February 22, 2006, the Texas Court of Criminal Appeals denied Cramer's state writ petition without written order. *Ex parte Cramer*, at cover.

4

(G)  As discussed below, the Director believes that Cramer's instant federal petition for writ of habeas corpus should be dismissed pursuant to the statute of limitation provisions under the AEDPA.

As it relates to Cramer's allegation for federal habeas corpus relief, Section 2244 of the AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

Cramer is challenging the proceedings associated with his original conviction. Fed. Writ Pet. at 7-8; Attached Page. Thus, the one-year period of limitation ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Fed. Writ Pet. at 7; 28 U.S.C. § 2244(d)(1)(A).

As discussed *supra*, Cramer's conviction became final on March 30, 1990, the time for seeking direct review of his conviction expired thirty days after the date of his judgment and

5

sentence. *See* TEX. R. APP. P. 26.2(a)(1). Accordingly, under a literal reading of the AEDPA, the one-year limitation period for filing a federal petition began no later than March 31, 1990, and expired on March 30, 1991. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in §2244 (d) of the AEDPA).

However, because Cramer's conviction became final and his limitations period expired before the enactment of the AEDPA on April 24, 1996, Cramer had one year after the effective date in which to file his federal petition for writ of habeas corpus. *Flanagan*, 154 F.3d at 200 (holding that "petitioners like Flanagan, whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief"). Furthermore, the question of whether the Fifth Circuit's one-year "reasonable time period" would be further extended to accommodate a properly filed application for State post-conviction or other collateral review as allowed in 28 U.S.C. § 2244(d)(2) was resolved in *Fields v. Johnson*. 159 F.3d 914 (5th Cir. 1998). In *Fields*, the Fifth Circuit held that ". . . the § 2244(d)(2) tolling provision applies to the reasonableness period." *Id.* at 916.

Under the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2006). But Cramer's state writ petition does not toll the limitations period because by the time Cramer filed it on September 7, 2005, the "reasonableness period" had already expired. *See Ex parte Cramer*, at 2; *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Consequently, when Cramer filed his federal writ petition with this Court on March 20, 2006, he did so over eight years too late. Fed. Writ Pet. at 1.

To the extent that Cramer may argue that he is entitled to have the limitations period begin at his discovery of the sex offender registration requirements, consideration of this argument still

6

results in his federal writ petition being untimely filed. The Director does not waive the argument that Cramer could have discovered the existence of the sex offender registration requirements at an earlier date. However, for the sake of argument, at the very latest Cramer could have discovered the sex offender registration requirements on September 9, 2003, the date that he signed the Pre-Release Notification Form for the Texas Sex Offender Registration Program. *See* State's Exhibit 1. Even by utilizing this date however, Cramer's state writ petition filed two years later still fails to toll the limitations period. *Ex parte Cramer*, at cover, 2. In this instance, Cramer's federal writ remains time-barred by over one year and six months.

Any claims for equitable tolling should also be denied. The statute of limitations in the AEDPA can be tolled in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489-90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Nothing in the record suggests the state misled Cramer. Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Cramer has failed to diligently pursue such relief because, as established above, he waited years from either the date his conviction became final or his receipt of notice of the sex offender registration requirements before filing a state petition for writ of habeas corpus. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Therefore, equitable tolling is not warranted in this case.

Finally, ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder*, 204 F.3d at 171; *Fisher*, 174 F.3d at 714; *Davis*, 158 F.3d at 808-12; *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to

7

excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *see also Flanagan v. Johnson*, 154 F.3d at 198-99 (petitioner's failure to discover the significance of the operative facts does not constitute cause). As a result, the Director requests that Cramer's federal writ petition be dismissed with prejudice because it is barred by the statute of limitations embodied in the AEDPA.

## CONCLUSION

For all of the foregoing reasons, the Director respectfully requests that Cramer's petition for writ of habeas corpus be dismissed with prejudice for lack of jurisdiction or as time-barred.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General for
Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

*Attorney in Charge

ELIZABETH A. GOETTERT*
Assistant Attorney General
State Bar No. 24036646



P.O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

### CERTIFICATE OF INTERESTED PERSONS

I, Elizabeth A. Goettert, do hereby certify, pursuant to Local Rule 3.1(f) of the Northern District of Texas that other than the Petitioner, James Earl Cramer, and the Respondent, Doug Dretke, Director Texas Department of Criminal Justice, Correctional Institutions Division, counsel for Respondent is unaware of any person with a financial interest in the outcome of this case.

ELIZABETH A. GOETTERT
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, Elizabeth A. Goettert, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Dretke's Motion to Dismiss and Preliminary Response with Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 25th day of May, 2006, addressed to: James Earl Cramer, TDCJ-CID No. 1236708, Michael Unit, PO Box 4500, Tennessee Colony, TX 75886.

ELIZABETH A. GOETTERT
Assistant Attorney General

# EXHIBIT A

## AFFIDAVIT

THE STATE OF TEXAS  )
COUNTY OF WALKER  )

BEFORE ME, the undersigned authority, on this day personally appeared **TINA BENEDETTO**, who, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed:

My name is **TINA BENEDETTO**, I am over twenty-one years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am employed as Administrative Assistant to the State Classification Committee for the Texas Department of Criminal Justice Correctional Institutions Division, and the attached is a correct representation of the time calculations and classification status regarding offender **James Earl Cramer, TDCJ# 1236708** now on file within the Classification and Records Office of the Texas Department of Criminal Justice Correctional Institutions Division.

In witness whereof, I have hereto set my hand this the 23rd day of May, 2006.

*[signature]*
TINA BENEDETTO,
Administrative Assistant To The
State Classification Committee

SWORN TO AND SUBSCRIBED BEFORE ME, by the said **TINA BENEDETTO**, on this 23rd day of May, 2006, to certify which witnesses my hand and seal of office.

DARLENE WILLIAMS
Notary Public, State of Texas
My Commission Expires
June 10, 2006

*[signature]* Darlene Williams
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



Texas Department of Criminal Justice

Brad Livingston
Executive Director

May 2, 2006

Office of the Attorney General
Ms. Elizabeth Goettert
Post conviction Litigation Division
300 West 15th Street 8th Fl. Rm. 806C
Austin, Texas 78701

RE:   James Earl Cramer        TDCJ# 1236708

Ms. Goettert:

The files of this Agency have been reviewed concerning offender James Earl Cramer, TDCJ# 1236708, pursuant to your request.

The subject offender was admitted to custody 4-14-88 and issued TDCJ# 478155 on a 3-year sentence from Tarrant County charged with Attempt to Commit Murder. The offender released on mandatory supervision 5-12-88 to Dallas County.

The offender was returned to custody 3-16-90 and issued TDCJ# 540398 in violation of mandatory supervision from Tarrant County with new commitments of a 15-year term for Murder with a Deadly Weapon and Aggravated Sexual Assault with a Deadly Weapon. He again released from custody by bench warrant 4-24-91 to Dallas County.

The offender returned from bench warrant from Dallas County 7-1-91 with new commitments of a 5-year concurrent term for Burglary of a Habitation and Unauthorized Use Motor Vehicle. He again released from custody by discharge 9-8-03 without further obligation. The subject offender discharged the offense of Aggravated Sexual Assault with a Deadly Weapon on 9-8-03 without any further obligation.

The offender was admitted to custody 6-10-04 and issued TDCJ# 1236708 with a sentence begin date of 4-21-04 on a 30-year sentence from Collin County charged with Failure to Register as a Sex Offender.

The offender currently remains in custody without a scheduled mandatory supervision release date and a 4-21-34 maximum expiration date and currently eligible for parole review 6-17-07.

Sincerely,

*Tina Benedetto*

TINA BENEDETTO,
Administrative Assistant
To the State Classification Committee
(936) 437-8748
(936) 730-1752 FAX

TB/dw
cc:  file