IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAMES EARL CRAMER,           § | |
|     Petitioner,           § | |
| § | |
| v.           § | Civil Action No. 4:06-CV-0201-A |
| § | |
| NATHANIEL QUARTERMAN, Director,[1]   § | |
| Texas Department of Criminal Justice,    § | |
| Correctional Institutions Division,         § | |
|     Respondent.           § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner James Earl Cramer, TDCJ-ID #1236708, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of TDCJ.

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

C. FACTUAL AND PROCEDURAL HISTORY

On February 28, 1990, Cramer pled guilty to aggravated sexual assault with a deadly weapon in cause number 0352012D in the 297th District Court of Tarrant County, Texas, and was sentenced to fifteen years' confinement. (Petition at 2; State Habeas R. at 22.) Cramer did not appeal his conviction or sentence. (Petition at 3.) Cramer fully discharged his fifteen-year sentence on September 8, 2003, and was released from the custody of TDCJ. (Resp't Motion to Dismiss, Exhibit A.) Thereafter, Cramer was indicted for failure to comply with the state sex offender registration requirements in cause number 219-82420-03 in the 219th District Court of Collin County, Texas. (Clerk's R. at 9-10.) The indictment also contained enhancement and habitual-offender paragraphs alleging two prior felony convictions, including his 1990 conviction. (*Id.*) On April 21, 2004, a jury found Cramer guilty of the offense, and the trial court assessed his punishment at thirty years' confinement, which Cramer is currently serving in TDCJ. (*Id.* at 44.)

In this petition, Cramer challenges his 1990 conviction for aggravated sexual assault. (Petition at 2.) On September 7, 2005, Cramer filed a state application for writ of habeas corpus raising one or more of the issues presented, which the Texas Court of Criminal Appeals denied without written order on February 22, 2006. *Ex parte Cramer*, Application No. 63,140-01, at cover. Cramer filed this federal petition for writ of habeas corpus on March 20, 2006.

D. ISSUES

Cramer contends his guilty plea in his 1990 aggravated sexual assault case was rendered involuntary, the conviction void, and his rights under the Ex Post Facto Clause violated because the state laws requiring sex offender registration were not in effect in 1990 and he was not admonished that he would be required to register as a sex offender for life. (Petition at 7-8.)

2

E.  SUBJECT MATTER JURISDICTION

Quarterman asserts that this court lacks jurisdiction to consider Cramer's petition because Cramer is no longer serving his sentence for his 1990 criminal conviction.[2] (Resp't Motion to Dismiss at 1-3.)  Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the conviction the subject of the proceeding. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  Cramer's sentence for his 1990 conviction fully expired on September 8, 2003, before this petition was filed.  (Resp't Motion to Dismiss, Exhibit A.)  Thus, Cramer was not in custody under that charge at the time his petition was filed.  The requirement that he register as a sex offender does not render him in custody for purposes of a habeas attack upon his 1990 conviction.  *See Resendiz v. Kovensky*, 416 F.3d 952, 959 (9th Cir.), *cert denied*, 126 S. Ct. 757 (2005); *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002).  The court has no jurisdiction to entertain the petition.

## II.  RECOMMENDATION

Quarterman's motion to dismiss should be GRANTED and Cramer's petition for writ of habeas corpus DISMISSED for lack of jurisdiction.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

---

[2] Quarterman also contends Cramer's petition is time barred under the federal statute of limitations.  28 U.S.C. § 2241(d).  It is not necessary however to address this issue.

proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 2, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 2, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 12, 2006.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE